13260

COOK v. STATE HIGHWAY DEPARTMENT

(160 S. E., 591)

Messrs. John M. Daniel, Attorney General, Cordie Page and J. Ivey Humphrey, Assistants Attorney General, and M. C. Woods, for appellant,

October 16, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Here is presented a controversy which grows out of unintentional errors and misunderstandings, rather than design.

The State Highway Department required a right-of-way over the lands of Mrs. Cook, respondent. She and they were unable to agree over the value of the property which would be included in the right-of-way needed. Accordingly, the Department proceeded in the regular way to condemn the right-of-way. It is conceded that everything was done in an orderly and proper way. After the hearing in pursuance of the notice of condemnation, the Board of Condemnation served notice on Mrs. Cook that it "has and does hereby fix and assess the compensation and damages at Fifty Dollars ($50.00) to be paid to Mrs. Melissa Cook. *Special damages for two pecan trees destroyed.*" We have emphasized the last sentence because therein lies the ambiguity and uncertainty which has brought about this contention.

In its preamble to its resolution fixing the amount of the compensation to Mrs. Cook at $50, the Board said: "After full hearing of all testimony and arguments' and careful consideration of all questions involved, including the value of the lands taken, the damages and benefits to the person, firm or corporation named, etc."

It is manifest that the language quoted is the wording of a form of notice of the resolution of the Board of Condemnation. On the other hand, the insertion of the words in the resolution, "special damages for two pecan trees destroyed," imparted the ambiguity which has led to this controversy. Mrs. Cook served notice, within the proper time,

of her intention to appeal from this award. The highway commission, intending to proceed with the work of making the highway, sent Mrs. Cook its voucher for $50 which purported to be "for right-of-way through lands of Mrs. Melissa Cook, for the construction of a section of Route No. 57, in accordance with the resolution of the Board of Condemnation dated March 11, 1931. This includes the intersection of Routes Nos. 57 and 38, which will be constructed with a fifty foot radii, *and also the destruction of two pecan trees.*" And this made confusion more confounded, because the property described in the voucher did not correspond to the property described in the notice of condemnation.

The complication became acute when Mrs. Cook accepted the voucher and cashed it. It appears that Mrs. Cook and Mr. Cook, her husband, who attends to her business, are illiterate people. They say that when the voucher was received, inasmuch as it specially said that it was for two pecan trees destroyed, they construed it to mean that it was intended to compensate them for the trees and not for the land taken for the road. That was not an unreasonable construction. They say that when they reported the matter to their attorney, and he informed them that he apprehended that the Highway Department might contend that, inasmuch as they had accepted the voucher for $50.00, they had abandoned their appeal, as by the provisions of Section 2907, Vol. 3, Code of Laws 1922, and the Act April 14, 1925 ( 34 St. at Large, p. 286), and Act March 7, 1929 (36 St. at Large, p. 156), regulating condemnation proceedings; thereupon they offered to refund the $50.00, which offer was refused. When the case was called before Judge Rice at the spring, 1931, term of the Court of Common Pleas for Marion County, the Attorney General, representing the Highway Commission, moved to dismiss the appeal because that; when Mrs. Cook accepted the award of the board of condemnation, she abandoned her appeal. Judge

Rice denied the motion. This appeal is from the order refusing the motion.

It may be said that it does not appear to the Court that there was any intentional discourtesy to counsel on the part of the Highway Department in sending the voucher direct to Mrs. Cook. Nor was there apparently any intention to take technical advantage of Mrs. Cook. The department issued its voucher in the usual way. We have no idea that it was intended to mislead Mrs. Cook. Nevertheless, in the peculiar circumstances, it is probable that she was misled. It is patent that she did not intend to abandon her appeal for just compensation for valuable lands taken for public uses. There was ample reason for her to believe from the wording of the voucher that it was intended to pay only for the pecan trees destroyed. The State does not wish to take the property of its citizens without making just compensation therefor. The Constitution expressly so prescribes: "Private property shall not be taken for private use without the consent of the owner, *nor for public use without just compensation being first made therefor.*" (Italics added.) Article 1, § 17.

Appellant contends that the statutory provision is mandatory that, if one accepts the award, he abandons his appeal. That may not, we think, fairly be invoked, if the award has been accepted under a misapprehension of its terms and an honest effort has been made to refund to the Highway Department the amount paid on the voucher.

We think that Judge Rice was right in his conclusion.

The appeal is dismissed. The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.